O P I N I O N
Defendant, Dr. Michael Gregg, appeals from the judgment of the Montgomery County Court of Common Pleas which awarded prejudgment interest to the Plaintiffs, Shirley and John Wurts.
In 1994, Shirley Wurts complained of pain and tightness in both breasts. Her surgeon ordered an MRI examination, the results of which were reviewed by Dr. Michael Gregg, a radiologist. Gregg diagnosed likely ruptures of the implants in both breasts. Pursuant to that diagnosis, Shirley Wurts' surgeon removed the silicone breast implants and replaced them with saline filled implants. However, examination of the removed silicone implants revealed that they had not ruptured. Shirley Wurts experienced complications following the surgery, and eventually the saline implant in her left breast was removed, leaving her disfigured and causing her physical problems.
Shirley Wurts and her husband John Wurts filed an action alleging medical malpractice by Dr. Gregg. Their claims were tried to a jury, which awarded Shirley Wurts $215,000.00 in damages and John Wurts $25,000.00. We affirmed that judgment on appeal. Wurts v. Gregg (Jan 28, 2000), Montgomery App. No. 17682, unreported.
Shirley and John Wurts filed a motion for prejudgment interest pursuant to R.C 1343.03(C). Defendants opposed the motion. On October 28, 1999, the trial court conducted a hearing on the motion. On December 20, 2000, the trial court granted the motion for prejudgment interest in the total amount of $103,880.41.
Gregg presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS DID NOT RATIONALLY EVALUATE THEIR RISKS AND POTENTIAL LIABILITY.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS WERE LIABLE FOR FAILURE TO MAKE AN OFFER.
Former R.C. 1343.03(C), the statute in effect when the cause of action accrued, required an award of prejudgment interest, payable fromthe date a claim for relief in a tort action accrued, upon adetermination that the judgment obligor failed to make a good faith offerto settle the claim prior to trial and that the judgment obligee has notlikewise failed. The good faith determinations that the court is requiredto make are discretionary. Moskovitz v. Mt. Sinai Medical Center (1994),69 Ohio St.3d 638. Therefore, an award or denial of prejudgment interestbased on a good faith determination may not be reversed absent an abuseof discretion. Id. "The term `abuse of discretion' connotes more than anerror of law or judgment; it implies that the court's attitude isunreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The applicable "good faith" tests were set out in Kalain v. Smith
(1986), 25 Ohio St.3d 157:
 A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
 Id., Syllabus by the Court. See also Moskovitz, supra. The burden is on the party seeking prejudgment interest to prove that the party resisting the award failed to make a good faith offer to settle. Moskovitz, supra.
The trial court found that the Defendant had (1) failed to rationally evaluate his risks and potential liability and (2) had neither made a good faith settlement offer or responded in good faith to the Plaintiff's several offers. Each demonstrates a lack of good faith for purposes of R.C. 1343.03(C). Kalain, supra. The court also found that the Defendant did not have a good faith, objectively reasonable belief that he had no liability. Id. These findings are supported by several facts.
First, the report that Defendant Gregg prepared and presented to Mrs. Wurts' surgeon was unquestionably a proximate cause of the injuries that she ultimately suffered, in that no surgery would have been undertaken had the report not indicated that her breast implants had probably ruptured.
Second, the experts who opined whether Dr. Gregg's conduct fell below that applicable standard of conduct required by his duty of care were not in agreement. Even among the four experts the Defendants procured to review the MRI films, two believed that not both, but only one of Mrs. Wurts' breast implants had ruptured, and they disagreed as to which one.
Third, and though this was not considered by the trial court, the course of surgery that Mrs. Wurts was required to undergo was harrowing, and the disfigurement that ultimately resulted was devastating, psychologically as well as physically. The sympathy which those matters tend to evoke from a jury cannot be ignored, especially when a plaintiff is wholly blameless in causing the injury concerned.
The purpose of prejudgment interest is not to punish an obligor. The lack of good faith on which it is predicated is not the same as bad faith. Moskovitz, supra. Rather, the purpose of prejudgment interest is to compensate the obligee for loss of the use of the monies ultimately awarded as damages when the obligor failed to make a good faith effort to settle a tort claim and, viewed objectively, a judgment for the plaintiff was probable should the case go to trial. On this record, we cannot find that the trial court abused its discretion when it awarded prejudgment interest to the Plaintiffs.
The first and second assignments of error are overruled.
 Conclusion
Having overruled the assignments of error presented, the judgment of the trial court from which this appeal was taken will be affirmed.
 _________ GRADY, J.
Wolff, P.J. and Young, J., concurs.